IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51095
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL HERRERA-TORRES, also known as Miguel Herrera-Torres, also known as Martin Lopez-Ayala, also known as Miguel Angel Herrera-Torres,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-00-CR-119-ALL-F
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Herrera-Torres was convicted pursuant to a guilty plea of being found in the United States after removal in violation of 8 U.S.C. § 1326. The district court granted a downward departure and sentenced him to two-years' imprisonment. A panel of this court held that the district court abused its discretion in departing downward, vacated the sentence, and remanded the case for resentencing. Herrera-Torres now appeals the increased sentence imposed following remand.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Herrera-Torres contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2) define separate offenses. He argues that the aggravated felony conviction that resulted in his increased sentence is an element of the offense under 8 U.S.C. § 1326(b)(2) that should have been alleged in his indictment. Herrera-Torres maintains that he pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). He argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Herrera-Torres acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks

that the judgment of the district court be affirmed and that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.